

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00386-CR

DAMIAN MERRICK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13375, Honorable Ralph H. Walton, Jr., Presiding

January 15, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Damian Merrick, appellant, appeals the trial court's judgment by which he was convicted of delivering a controlled substance to minors and the resulting fifteen-year sentence. On appeal, he maintains that the evidence was insufficient to establish that the substance he delivered to the minors in question was psilocybin mushrooms as alleged in the indictment. We affirm.[1]

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. See TEX. R. APP. P. 41.3.

In lieu of reiterating the pertinent standard of review, we cite the litigants to *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018). *Johnson* provides a most recent description of the standard.

Via two counts, the State indicted appellant for intentionally delivering "a controlled substance, namely Psilocybin mushrooms, by actually transferring said controlled substance to . . . a person younger than eighteen years of age." The individuals to whom the controlled substances were transferred were two females we call E. and C.

E. testified that 1) after she and C. expressed interest in mushrooms, appellant obtained them for ingestion during a planned trip among E., C., and appellant; 2) appellant acquired the mushrooms prior to the trip; 3) while on their trip, scales were bought to measure the appropriate amount of mushrooms to serve; 4) they purchased tacos from a local fast food restaurant; 5) they placed the mushrooms atop the tacos; 6) they ate the tacos; and, 7) she (E.) began to hallucinate and feel "[l]ike everything was real but, like, you knew it was fake." C. testified similarly but added that she and E. had known about the mushrooms, wanted to try them, had been unsuccessful in acquiring them, and appellant volunteered to acquire some for all to eat. Upon eating them, C. also "started hallucinating and . . . was really out of it and dizzy" and "could barely walk."

One of the minors photographed a mushroom-adorned taco before eating it. The photo was admitted into evidence. An officer experienced in narcotics investigations, including those involving psilocybin mushrooms, testified that 1) psilocybin was the substance to which people referred when discussing the ingestion of mushrooms to induce hallucinations; 2) the images of the substances atop the taco depicted in the aforementioned photo were consistent with what he knew to be psilocybin mushrooms;

2

3) the method of ingesting such mushrooms involved eating them "with some type of food"; and 4) the experiences described by each female upon ingesting the mushrooms were consistent with the variable psychedelic effects the mushrooms have.

Missing from the foregoing, according to appellant, was scientific evidence (i.e., testing) that established the substances placed atop the tacos were psilocybin mushrooms. In his view, it was not enough for the two females and the officer to identify them as such mushrooms. We overrule the argument due to precedent from the Fort Worth Court of Appeals.

Appellant urged a like argument in his appeal from convictions for supplying various females with marijuana. *See Merrick v. State*, Nos. 02-17-00035-CR, 02-17-00036-CR, 2018 Tex. App. LEXIS 952 (Tex. App.—Fort Worth Feb. 1, 2018, pet. ref'd) (mem. op., not designated for publication). There, believed the evidence failed to support guilt because no tests were made of the substance ingested by the females despite the females testifying that the substance was marijuana and to their familiarity with it. The reviewing court rejected appellant's contention. In doing so, it observed that "[t]he absence of expert testimony as to the chemical composition of the substance Appellant provided or of more detailed lay testimony does not render the evidence insufficient to support Appellant's conviction for delivery of marijuana to the three minors." *Id.* at *10. The minors' familiarity with marijuana coupled with marijuana later being discovered in appellant's car was some evidence establishing that the substance actually given them by appellant was marijuana. *Id.* The Fort Worth Court also cited the opinion of *Roberts v. State*, 9 S.W.3d 460, 462–64 (Tex. App.—Austin 1999, no pet.), as support for its decision.

3

In *Roberts*, the Austin Court of Appeals also was faced with an argument about whether the State proved the controlled substance involved was marijuana. It observed that lay witnesses could give opinion testimony that is rationally based on their perception and helpful to a clear understanding of their testimony or determination of a fact in issue. *Id.* at 463. So too did it note that 1) the nature of the substance provided is a fact in issue, 2) there was no objection in the record that the State did not lay the proper predicate for the lay witnesses to identify the substance; 3) while other substances resemble marijuana, that does not negate the girls' testimony that they were given marijuana because they did not just look at it but instead smoked it and testified about its effects; and 4) Roberts told them he was giving them marijuana. *Id.* Thereafter, the court concluded that the testimony of the girls was some evidence that the substance was marijuana and that their lack of training or chemical analysis went to the weight of their testimony as opposed to its admissibility. *Id.*

Here, the record contains evidence that, though E. and C. had never taken psilocybin mushrooms, they knew what the substance was, wanted to try it, told appellant of their desire, and were told by appellant that he would acquire some for their ingestion during a trip. He acquired mushrooms per his representation, bought scales to weigh them, bought tacos with which to eat them, placed them on the tacos which the females then ingested, and the females experienced hallucinations after eating the mushrooms. Other evidence indicates that an officer familiar with psilocybin mushrooms and their appearance identified the substance on the tacos as mushrooms, described how psilocybin mushrooms were usually eaten with food because of their bad taste, described the effects caused by ingesting psilocybin mushrooms, and confirmed that the effects

4

experienced by the females were consistent with the effects experienced by those who ingested psilocybin mushrooms. Given the Fort Worth Court's opinion in *Merrick* and the Austin Court's opinion in *Roberts* (upon which the Fort Worth Court relied), we conclude that the State presented some evidence upon which a rational fact-finder could conclude, beyond reasonable doubt, that appellant transferred and delivered psilocybin mushrooms, a controlled substance, to the females.

Accordingly, we overrule appellant's sole issue and affirm the judgment.


Per Curiam


Do not publish.